IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LA'SHANTE TURNER,        )
                         )
    Plaintiff,           )
                         )
v.                       )    No. 1:13-cv-0142
                         )    Chief Judge Haynes
ENOCH GEORGE and         )
MAURY COUNTY JAIL,       )
                         )
    Defendants.          )

MEMORANDUM

Plaintiff, La'Shante Turner, a state inmate or detainee at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Sheriff Enoch George and the Maury County Jail. Plaintiff alleges violations of her constitutional rights arising out of the conditions of confinement at the Maury County Jail. (Docket Entry No. 1.) Plaintiff seeks damages and injunctive relief. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth herein, the Court finds that Plaintiff's factual allegations do not establish violations of her constitutional rights and therefore fail to state a claim for which relief may be granted under § 1983.

A. Analysis of the Complaint

According to her complaint, Plaintiff alleges: (1) that she did "not get medical attention the way [she] should have" (Docket Entry No. 1, at 5); (2) the food at the jail is usually served cold instead of hot, and frequently Plaintiff's speciality tray (for dairy allergy) is not prepared properly; (3) the jail is not clean; (4) the jail officials do not treat the inmates with respect; and (5) Plaintiff's property has been stolen from her by other inmates. (Docket Entry No. 1, at 5.)

Attachments to Plaintiff's complaint reflect that Plaintiff's health-care needs are generally met, but the food is frequently served cold with dairy products on her tray. Plaintiff, however, does not allege any unmet nutritional needs. Plaintiff alleges generally that the jail is cold, but does not allege any adverse effects upon her. Although Plaintiff alleges that the jail is not clean or sanitary, Plaintiff does not allege any injury from the conditions at the jail.

As to her loss of property claims, Plaintiff alleges that her stamps were stolen from inside her Bible while she was showering, and that her laundry was washed, but was not returned. Plaintiff alleges that a Sergeant Craig tried unsuccessfully to locate her bag. Plaintiff has not been able to discover who stole her property, and cites the jail's lack of procedure for theft claims against other inmates, but cites a jail procedure to punish inmates who steal from other inmates.

### B. Conclusions of Law

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B), and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,*

Case 1:13-cv-00142   Document 9   Filed 01/07/14   Page 2 of 6 PageID #: 33

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted). The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). To violate the Eighth Amendment, the alleged deprivation must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347. "[D]eprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement are actionable." *Id.* at 348 (citation omitted). Yet, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

An Eighth Amendment claim comprises objective and subjective components: (1) an objectively serious deprivation and (2) a sufficiently culpable subjective state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official must act with deliberate indifference; or with knowledge of or disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly).

Here, as to Plaintiff's medical care claim, the Eighth Amendment obligates prison

-3-

authorities to provide medical care to incarcerated individuals, because a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103–04 (1976). This claim also has objective and subjective components. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege a serious medical need. *Id.* Not every claim by a prisoner that she has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105–06.

Although Plaintiff's allegations suggest some discomfort from minor delays in obtaining the correct medication, Plaintiff does not allege facts suggestive of a serious medical condition or jail officials' refusal to provide treatment for her medical needs. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006). The Court concludes that Plaintiff's allegations fail to establish that she has suffered a deprivation of her right to adequate medical treatment.

As to Plaintiff's food claim, "cold meals for a short period of time" do not violate the Eight Amendment. *Dean v. Campbell*, 1998 WL 466137 at *2 (6th Cir. July 30, 1998). "The fact that food is sometimes served cold does not amount to a constitutional violation. *Butler v. Jewell*, 1989 WL 16851 at *1 (6th Cir. Feb. 17, 1989). Meals must be of "sufficient nutritional value to preserve health." *Id.* (citation omitted). Consequently, a prisoner's claim that she was served cold meals does not amount to a constitutional deprivation. Nor do Plaintiff's claims that the prison runs low on food on a frequent basis state a sufficiently serious deprivation to violate

-4-

the Eighth Amendment under the circumstances presented here. Plaintiff alleges that food service has been delayed as a result of shortages, but not that she has been denied food altogether. She does not allege that she has suffered nutritional deficiencies or gone hungry, even when the kitchen fails to provide her with dairy-free meals.

Plaintiff's allegations about the uncleanliness of the jail are about "spiders & other bugs crawling around" (Docket Entry No. 1, at 15), black mold on the shower door frame, dirty air vents, poorly functioning toilets, and occasionally clogged toilets are sufficient to state an Eighth Amendment claim collectively. Plaintiff's living in such conditions is sufficient to state an Eighth Amendment claim.

Plaintiff's claim that jail staff does not treat her and other inmates with respect does not state a constitutional claim. Plaintiff does not allege that she has been physically injured by the jail staff. The Eighth Amendment protects from the unnecessary and wanton infliction of *pain*. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Thus, before Plaintiff can bring an Eighth Amendment claim, she must show that she suffered a physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). In other words, the Eighth Amendment does not provide protection from humiliating, embarrassing, or disrespectful comments.

Finally, Plaintiff's assertions that her property has been stolen by other inmates does not state a due-process claim under the Fourteenth Amendment because she does not allege that she attempted any post-deprivation remedies or that such remedies were inadequate. *See Zinermon v. Burch*, 494 U.S. 113, 136–39 (1990); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled*

-5-

*on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The fact that Plaintiff is unable to ascertain the identity of the thief is not attributable to the jail.

In sum, except for Plaintiff's Eighth-Amendment claim on the conditions of confinement, the Court concludes that Plaintiff's Complaint fails to state claims on which relief can be granted.

It is so **ORDERED**.

**ENTERED** this the ___7th___ day of January, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court